(117 App. Div. 742)

## COLNON v. BUCKLEY et al.

(Supreme Court, Appellate Division, Second Department. March 1, 1907.)

FRAUDULENT CONVEYANCES—REMEDY OF CREDITORS—SUFFICIENCY OF EVIDENCE.
  Evidence, in an action by a judgment creditor to set aside a conveyance by the judgment debtor as fraudulent, considered, and *held* sufficient to sustain a judgment dismissing the complaint.

Appeal from Special Term, Kings County.

Action by Aaron J. Colnon against Daniel Buckley and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

William H. Ford, for° appellant.
Victor E. Whitlock, for respondents.

WOODWARD, J. The plaintiff, a judgment creditor of the defendant Buckley, brings this action, and asks to have it adjudged that certain real property, the title of which is now in the defendant Slauson, is held by him as trustee for the creditors of Buckley, and to set aside as fraudulent a deed of said premises to Slauson by the defendant Murphy. When we get at the facts of this case, apart from the law as discussed by the plaintiff, the question presented does not seem doubtful. There is no case for equitable relief, and the judgment dismissing the complaint should be sustained.

On the 19th day of February, 1902, the defendant Buckley entered into a contract with one Schwartje for the purchase of the premises involved in this action, at that time paying $100. Title was to pass on the 15th day of March, 1903, and in the meantime Buckley was to enter into possession of the premises at a rental of $83 per month, with an understanding, never made a part of the written contract, that the rentals should be applied upon the payments to be made under the contract. By the terms of the contract there was to be a payment of $100 on the signing of the same, $2,650 in cash on the delivery of the deed, and $4,500 by the giving of a purchase-money mortgage, making the price to be paid $7,250. Buckley, who desired the premises for the purposes of a saloon, entered into possession under his lease, and during the first year his license was revoked by order of the court, and he was indebted to various persons in considerable amounts, and was unable to complete his purchase at the time agreed upon. On the 17th day of June, 1903, Schwartje, at the request of Buckley, conveyed the premises to the defendant Murphy, the payments being made as follows: A mortgage for $5,000 was made to the Kings County Savings Institution; a second mortgage, of the nature of a purchase-money mortgage, was taken by Schwartje; and a third mortgage was given to the defendant Slauson, who at that time advanced $600 in behalf of the Federal Brewing Company. These bonds and mortgages were given by the defendant Murphy; but it appears from the evidence, and is found by the court, that Murphy was the agent of Buckley in these various transactions. But the new license for the premises was issued to Murphy, who was employed at a salary of $10 to $12 per month, and the Federal Brewing Company sold beer to him, or to Buckley, until there was an indebtedness of about $2,900, and a further mortgage was given to secure this indebtedness, so that there was in all $10,000 of liens against this property, sold to Buckley at $7,250, and the evidence showed that Buckley had, in fact, paid only about $250 toward the purchase, except as the payments were made by the mortgages above mentioned. So it will be seen how frail is the contention of the plaintiff that the various parties to this transaction were engaged in a fraudulent effort to defeat, delay, and defraud the creditors of Buckley.

Murphy, after being in possession for some time, transferred the title of the premises to Slauson, representing the Federal Brewing

Company, which had guarantied the payment of the purchase-money mortgage, in addition to advancing $600 of the purchase money, and the plaintiff claims to be entitled to reach the premises under the provisions of section 74 of the real property law (Laws 1896, p. 570, c. 547), which provides that a "grant of real property for a valuable consideration, to one person, the consideration being paid by another, is presumed fraudulent as against the creditors, at that time, of the person paying the consideration, and, unless a fraudulent intent is disproved, a trust results in favor of such creditors, to an extent necessary to satisfy their just demands"; that is, if a man who pays the consideration has the property conveyed to a third person, the law presumes it fraudulent as against then existing creditors, unless the contrary is proved, but in the case at bar the evidence disproves fraudulent intent, by establishing that the title was taken by Murphy as a trustee or agent for Buckley, and the outstanding obligations, in the name of Murphy, were all given, either to secure money for the payment of the purchase price, or for goods and supplies intended for the benefit of Buckley, and to enable him to make the payments necessary to improve his own ability to pay his debts. There was certainly no fraudulent intent on the part of the Kings County Savings Institution in advancing $5,000. There was no such intent in the $1,500 mortgage given to secure purchase money, nor yet in the $600 advanced by the Federal Brewing Company to complete the purchase. The defendant Buckley did not pay the consideration to vest property in the hands of a third person to place it out of the reach of his creditors. He did not pay the purchase price at all, except to the extent of $250 more or less; the balance being borrowed strictly upon the security afforded by the property, and the equities vested in Buckley, the legal title being in Murphy, who was the holder of the license and the nominal proprietor of the saloon.

The evidence discloses a legitimate business transaction, in so far as Murphy and Slauson are concerned, and, as the evidence shows valid liens of $10,000, and there is no evidence whatever to show any equities above that sum, the plaintiff has clearly failed to establish any rights to equitable relief in this action, and it was admitted upon the trial that all the evidence of the plaintiff was in the same general direction as that which had been adduced up to the close of the trial, so that it is idle to contend that the trial court prevented the plaintiff from fully developing his case. This is not a case coming within the letter or the spirit of the statute, and as Buckley has all of the equities in the premises, and these are not sufficient to pay the liens already existing against it, there is nothing which the plaintiff could reach, and in the absence of fraud, which is not established by the evidence, or by any evidence which was offered, there is no ground for a reversal of this judgment.

The judgment appealed from should be affirmed, with costs. All concur.